IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAYMENTECH, LLC,               )
                                )
            *Plaintiff*,        )
                                )
vs.                            )          CIVIL ACTION NO.
                                )
CARL NAPOLI, JERRY NAPOLI,   )      8:10-cv-02195-T27-AEP
STEVE VICKERS, and            )
iTEAMSOLUTIONS, LLC,       )
                                )
           *Defendants*.      )
                                )

---

## PLAINTIFF'S MOTION TO COMPEL

---

      Plaintiff Paymentech, LLC ("Paymentech" or "Plaintiff") files this Motion to Compel against Defendants iTeamSolutions, Carl Napoli, Jerry Napoli, and Steve Vickers and would show the Court as follows:

## I.
## FACTUAL BACKGROUND

      The Court is well aware of the factual bases for the claims Plaintiff has asserted against Defendants;[1] thus, they will not be repeated here.

      On October 8, 2010, Plaintiff sent Requests for Production and Interrogatories to the Defendants.  On October 22, 2010, Defendants provided responses and objections.  *A true and correct copy of Defendants' respective responses are attached hereto as Exhibits A through G.*

---

[1] *See* Plaintiff's Motion to Compel and For Forensic Review with Accompanying Memorandum, filed contemporaneously hereto.

---

**PLAINTIFF'S MOTION TO COMPEL – Page 1**

Defendants refused to provide substantive responses to various areas where additional information and documents were sought, including:

- Invoices from January 2008 to the present issued by iTeam to clients and vendors (Request for Production No. 4 to iTeam);

- Profit and loss, and balance sheets for iTeam (Request for Production No. 5 to iTeam);

- The membership agreement of iTeam (Request for Production No. 6 to iTeam);

- Documents reflecting iTeam's current or former customers (Request for Production No. 2 to iTeam);

- Communications between the individual Defendants regarding the past or future use of Plaintiff's files, documents, materials, data and property from January 1, 2007 to the present (Request for Production No. 3 to each of the individual Defendants);

- Communications by and between Defendants and other parties regarding Plaintiff's files, software, data, and property, (Request for Production No. 4 to each of the individual Defendants); and

- Physical items that contain Plaintiff's data (Request for Production No. 1) to iTeam.

- Outside ESD (Requests for Production No. 2 to the individual Defendants).

On November 23, 2010, Plaintiff wrote to Defendants seeking their cooperation in supplementing and responding to the discovery requests by December 3, 2010. *See Exhibit H.* Defendants have not responded to the request, apparently desiring to stand on their objections. Thus, Plaintiff brings the instant motion.

By way of background as to why these items are relevant, in early statements, and through counsel to the Court, the iTeam Defendants denied competition with Plaintiff. However, at his deposition, Defendant Carl Napoli admitted to competing with Plaintiff in making a proposal to Fusion Fit Club involving "payment processing, credit card

payment, electronic check, and recurring billing, cash drawer operations, and inventory-driven checkout process," as evidenced by a document found on his computer. (*Exhibit I, 55:18-56:10*).   He also was discovered to have created a similar proposal to Health Intelligence Systems, Inc. on his work computer (self-described as "side work"). (*Id. at 68:13-23*).   Disturbingly, Defendant Carl Napoli admits that this project was used "to help them get some existing code that they have up and running."  *(Id. at 101:8-9).* Defendant Jerry Napoli admitted that a 2010 proposal made on Plaintiff's computer to Financial Investments was accepted, and involved payment processing.  *(See Exhibit J, 101:23-102:2).*  Defendant Jerry Napoli confessed in deposition that iTeam's "side work" for Orange Lake Report involved the sending and authorization of payments, using ProtoBase, a competitor to Orbital Gateway.  (*Id. at* 62:15-63:16).   Similarly, Defendant Jerry Napoli was forced to admit:

> Q    And Elavon is [a] competitor of Paymentech, isn't it?
> A    Yeah.

*Id. at 62:22-63:16*

The iTeam Defendants only now admit Plaintiff's source code was sent to Scott Monahan.[2]   In his answers to Interrogatories, Defendant Jerry Napoli incorporated a document entitled "iTeam Defendants' Disclosure and Proposed Search Protocol" (the "Disclosure").   While they were supposed to be working solely for Plaintiff, Defendants Jerry and Carl Napoli now admit they competed directly or indirectly with Plaintiff, in working for (or attempting to compete by marketing to):

---

[2]  *See* Interrogatory Answers of iTeam Defendants.

- Firethorn, in 2009, *vis-à-vis* credit and balance-viewing via smart phone;

- Orange Lake, in 2010, concerning the automated design of electronic payment processing, which would involve source code;

- Financial Investments in Sports, in 2010, involving an e-Commerce website;

- Health Intelligence Services, from before 2008 to the present, on a project involving a code base for insurance claims and revenue recovery; and

- Scorpions Youth Hockey Organization, from 2009 to 2010, involving website development.

These competitive activities were hidden or denied by the iTeam Defendants initially. For instance, until confronted in deposition, the iTeam Defendants did not reveal their head-to-head competition, and the fact that they had met to discuss this.

These revelations are at odds with the prior statements of the iTeam Defendants. For instance, in his affidavit filed in opposition to injunctive relief, Carl Napoli swore that he had "…not assisted any person or entity in establishing or operating, any business which competes with Paymentech." (Doc. 25-1 at ¶5). On September 23, 2010, Carl Napoli wrote that he used his personal laptop only "…for personal e-mail access and learning new technologies as they became available" and that he has "…used this laptop here at Chase at times but only to send an e-mail or something along those lines."[3] Defendant Carl Napoli also swore he had "occasionally used [his] personal laptop and the iTeam server to do work for Paymentech…" and that he had "…not used any …equipment to …assist any competitor of Paymentech." (Doc 25-1 at ¶¶8-9). This appears to be patently false. The "side work" by the iTeam Defendants includes a clearly

---

[3] *See* Exhibit K attached hereto, a true and correct copy of the written statement of Carl Napoli dated September 23, 2010.

project for Plaintiff's competitor, Ivan Financials (resulting in $40,000+ of fees received), involving obvious misappropriation of Plaintiff's code.

## II.
## ARGUMENTS & AUTHORITIES

The FEDERAL RULES OF CIVIL PROCEDURE allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. FED. R. CIV. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at trial. *Id.* However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Id.*

A.    **DOCUMENTS REGARDING ITEAM'S CUSTOMERS AND THE FINANCIAL COMPENSATION ARE RELEVANT TO PLAINTIFF'S CLAIMS**

Request for Production Number 2 states:

**2.     Produce all documents that identify iTeamSolutions, LLC's current or former clients.**

**RESPONSE: To the best of our knowledge, iTeam's clients have included Paymentech, Home Shopping Network, Orange Lake, Firethorn, Neonsoft, Central Florida Investments, Kforce, Gevity HR, Predictive, RM Berry, Ivan Financials, Sports Financials, ISPC, Arbitration Forums, Venice investment firm.**

While iTeam has not objected to providing the documents responsive to Request for Production Number 2, no such documents have been produced.

**Request for Production Numbers 4 and 5 state:**

**4.     Produce all invoices from January 2008 to the present issued by iTeamSolutions to competitors, vendors, or clients of Plaintiff.**

**RESPONSE:  Objection: relevance.**

**5.      Provide al Profit & Loss Sheets and Balance sheets for iTeamSolutions from January 2008 to the present.**

**RESPONSE:  Objection: relevance.**

Documents regarding iTeam's current or former customers, including documents reflecting the compensation received by those customers, are relevant for a number of reasons.  Based on what Plaintiff has discovered to-date, it is clear that iTeam was working for competitors of Plaintiff, and that the individual Defendants were doing so, despite their indications to the contrary.  The individual Defendants were performing payment processing consulting services and other work on behalf of iTeam while employed with Plaintiff, and in doing so, breached their duty of loyalty and may have misappropriated Plaintiff's trade secrets.  Plaintiff should be afforded the opportunity to discover the financial compensation Defendants received as a result of these actions.

Similarly, just as the billings of iTeam are relevant, so are the financial information of iTeam.  Finally, to the extent that iTeam objects to providing these documents on the basis that they contain confidential information,[4] Plaintiff has expressed a willingness to enter into an Agreed Protective Order.

Thus, Plaintiff requests that the Court order iTeam to supplement its discovery responses to provide documents identifying iTeam's customers, the invoices to those customers, as well as the financial information of iTeam, and produce the physical items (including all ESD) that contain Plaintiff's confidential data, including code.

---

[4]  An objection they did not assert in response to the Request for Production, thus it is waived.

**B.     MEMBERSHIP AGREEMENT**

Plaintiff sought in Request for Production Number 6 all contracts between iTeam and any of the individual Defendants.  iTeam provided no objection to this request, and stated that there were no documents responsive to this request other than the "membership agreement."  However, to date, the membership agreement has not been produced.  Because no objection to the production of this document was lodged, and the agreement would be relevant to show the detailed ownership information of iTeam, Plaintiff requests that the Court order iTeam to produce the membership agreement.

**C.     COMMUNICATIONS BY AND BETWEEN DEFENDANTS**

Plaintiff also sought the communications by and between the Defendants regarding the past or future use of Plaintiff's files, documents, materials, data and property.  Pursuant to Plaintiff's letter of November 23, 2010, Plaintiff indicating a willingness to limit this request to January 1, 2007 to the present.  Defendants objected, in part, that the documents responsive to this request are "being provided in accordance with the parties' agreed search protocol."  This refers to the agreement between Plaintiff and Defendants to review the data on Carl Napoli and Jerry Napoli's personal computers that were at the workplace.  As Plaintiff explained in the letter of November 23, the Defendants identified Hotmail, G-mail and other web-based email accounts, thus it was unlikely that the forensic review of the Napolis' personal computers would reveal all such communications.

Moreover, Defendants' objection that the request was "not reasonably calculated to lead to the discovery of admissible evidence" is without merit.  If Defendants have communications about the use of Plaintiff's property, such documents are entirely

relevant to this case. As the November 23 letter stated, this request only applies to documents that Defendants have in their custody, control, or possession—thus, any relevant communications that Defendants may have had on their Paymentech-provided computers and email accounts will be captured during Plaintiff's review of these computers.

Defendants further stated that the request was "burdensome," but failed to identify why this request is burdensome. Defendants have consistently maintained that they have not used Plaintiff's property; thus, if they are to be believed, there should be limited or no documents responsive to this request. Accordingly, Plaintiff requests that the Court order Defendants Carl Napoli, Jerry Napoli and Steve Vickers to respond to Request for Production Number 3.

Finally, Plaintiff also sought communications by and between Defendants and other parties regarding Plaintiff's files, software, data, property, etc. Defendants have refused to provide responsive documents, instead stating that documents are "being provided in accordance with the parties' agreed search protocol." For the reasons asserted above, this is not accurate. Documents reflecting communications between Defendants and third-parties about Plaintiff's property and data are highly relevant to Plaintiff's claims. Accordingly, Plaintiff requests that the Court order Defendants Carl Napoli, Jerry Napoli and Steve Vickers to respond to Request for Production Number 4.

### III.
### CONCLUSION

Accordingly, Plaintiff requests that the Court grant its Motion to Compel and order Defendants to provide the relevant and responsive documents identified above.

Respectfully submitted,


/s/ Harold D. Jones
Harold D. Jones, Esquire
Texas Bar No. 10894020
E-Mail:  hdjones@littler.com
Ryan Griffitts, Esquire
Texas Bar No. 00796681
E-Mail:  rgriffitts@littler.com
Jeremy W. Hawpe
Texas Bar No. 24046041
E-Mail:  jhawpe@littler.com
**LITTLER MENDELSON, P.C.**
Suite 1500, Lock Box 116
2001 Ross Avenue
Dallas, TX  75201-2931
Telephone:  (214) 880-8100
Facsimile:  (214) 880-0181
(*Appearing Pro Hac Vice*)

Anthony J. Hall, Esquire
Florida Bar No.:  0040924
**LITTLER MENDELSON, P.C.**
111 North Magnolia Avenue, Suite 1250
Orlando, Florida 32801-2366
Telephone:  407.393.2900
Facsimile:  407.393.2900
E-Mail:  ajhall@littler.com

Courtney B. Wilson, Esquire
Florida Bar No. 614580
**LITTLER MENDELSON, P.C.**
Suite 1500 - One Biscayne Tower
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552
E-Mail:  cwilson@littler.com

**COUNSEL FOR PLAINTIFF
PAYMENTECH, LLC**

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I conferred with counsel for Defendants orally or via email on November 23 and December 7, 2010 to gain agreement, in whole or in part, on the relief requested herein.  Counsel for Defendants was unable to agree to this relief.

<div align="right">

*/s/ Harold D. Jones*

HAROLD D. JONES

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of December, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants identified below.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants identified at the time of electronic filing.

David C. Banker
BUSH | ROSS, P.A.
1801 North Highland Avenue
Tampa, Florida 33602

<div align="right">

*/s/ Harold D. Jones*

HAROLD D. JONES

</div>

Firmwide:99132632.3 065834.1001

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PAYMENTECH, LLC,

      Plaintiff,                   Case No.:  8:10-cv-2195-T27-AEP

v.

CARL NAPOLI, JERRY NAPOLI,
STEVE VICKERS, JAMIE BULLARD,
and iTeamSolutions, LLC,

      Defendants.

_____/

**CARL NAPOLI'S RESPONSES TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

    The defendant, CARL NAPOLI, through counsel, responds to plaintiff's first set of interrogatories and states:

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

    For the period from January 1, 2008 until the present, please identify all email addresses of any email accounts you have used, identify the telephone numbers for any and all cellular telephone, home telephone, other phones or phone service that have been issued to you or that have otherwise been used by you.

    **RESPONSE:**

    Carl.Napoli@ChasePaymentech.com
    cnapoli@paymentech.com
    cnapoli@iteamsolutions.com
    cnapoli@chasepaymentech.com
    carlnapoli@hotmail.com
    napolicarl@gmail.com
    Carl.Napoli@ScorpionsYouthHockey.com
    Carl.Napoli@SportsFinancials.com

    **Cell:**       **813-785-7543**
    **Home:**    **727-372-4806**

1

852133.1

**INTERROGATORY NO. 2:**

Describe, in detail and with specificity, any transfer of information, whether written, oral, electronic or otherwise, from you to any third party regarding any part of Plaintiffs business. Such description should identify any and all documents referring or relating to such communications, should include the substance of the information provided and should include the dates on which the information was provided.

**RESPONSE: None to the best of my knowledge.**

**INTERROGATORY NO. 3:**

Please identify and describe any of Plaintiff's property that is within your custody possession, or control, including, but not limited to, files, manuals, correspondence, training materials, marketing leads, passwords, documents, and lists. This interrogatory includes any electronic copies of such materials.

**RESPONSE: See iTeam Defendants' Disclosure and Proposed Search Protocol provided to plaintiff's counsel on October 20, 2010 which attempts to summarize the plaintiff's information in possession of the iTeam defendants.**

**INTERROGATORY NO. 4:**

Please identify (by location and make/type of computer) all computers (including external hard drives, flash drives or any other type of device capable of storing electronic information) within your possession, custody, or control upon which you have viewed and/or saved and/or in any way accessed documents or materials of Plaintiff (including Plaintiff's parent company).

**RESPONSE: Carl Napoli's laptop in possession of Paymentech.  Carl Napoli has at home a back-up drive.**

**INTERROGATORY NO. 5:**

Please identify (by location and make/type of computer) all electronic storage devices ("ESD") within your possession, custody, or control upon which you have viewed and/or saved and/or in any way accessed documents or materials of Plaintiff (including Plaintiff's parent company). "ESD" means and includes devices used to transmit e-mails and instant messages,

852133.1

both sent and received, whether internally or externally; word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; data generated by calendaring, task management, and personal information management (PIM) software (e.g., Microsoft Outlook or Lotus Notes); data created with the use of personal data assistants (PDAs) or other Windows CE-based or Pocket PC devices (e.g., PalmPilots, Blackberrys, etc.); and other electronic or telecommunicative devices, including but not limited to voice mail.

> **RESPONSE:**   **Carl Napoli's laptop in the possession of Paymentech has Paymentech information on it.**

## INTERROGATORY NO. 6:

Identify every employer or entity for which you have performed compensated work since January 1, 2008 including, but not limited to, the name of your employer (or entity with which you have contracted), the address and telephone number, the date you began employment (or entered into an independent contractor agreement or relationship) and if applicable, the date you left such employment (or the date such independent contractor agreement or relationship was terminated).

> **RESPONSE:**
>
> **Chase Paymentech Solutions**
> **4200 W. Cypress Street**
> **Tampa, FL  33607**
> **813-354-4200**
> **Start:  October 2002**
> **End:  October 2010**
>
> **ITeamSolutions, LLC**
> **P.O. Box 27**
> **Tarpon Springs, FL  34688**
> **888-498-0507**
> **Start:  Approximately 1999**
> **End: N/A**

## INTERROGATORY NO. 7:

If you have downloaded, copied or taken any of Plaintiff's documents, software and things (regardless of media), please identify any and all third parties you have given such information to (including copies thereof) as well as any third parties whom you have given access to such information. Your response should include the identity of all third parties whom you have shared such information, the date you provided such Information, how the information

3

was transmitted (i.e. in person or via electronic transfer), and the purpose of sharing such information with the third-party.

      **<u>RESPONSE:</u>  None to the best of my recollection.**

852133.1

## VERIFICATION

Carl Napoli

STATE OF FLORIDA.        )
                         )SS:
COUNTY OF HILLSBOROUGH   )

BEFORE ME, the undersigned authority, personally appeared Carl Napoli, who is personally known to me or who has produced the following type of identification: _____ ; that he executed the foregoing Responses to Interrogatories and that the responses are true and correct to the best of his knowledge, information, and belief; and that he did (did not) take an oath.

SWORN TO AND SUBSCRIBED before me this 22ND day of OCTOBER, 2010.

Notary Public,
State of Florida at Large



NAREN DILLON
(Printed Name of Notary Public) _____
My Commission Expire

(Seal)

KAREN DILLON
Commission # DD 963953
Expires June 20, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

5

852133.1

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAYMENTECH, LLC,

      Plaintiff,

v.

CARL NAPOLI, JERRY NAPOLI,
STEVE VICKERS, JAMIE BULLARD,
and iTeamSolutions, LLC,

      Defendants.
_____/

Case No.:  8:10-cv-2195-T27-AEP

## CARL NAPOLI'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SOFTWARE, AND THINGS

The defendant, Carl Napoli, through counsel and under Fed. R. Civ. P. 34, responds to the request to produce served by the plaintiff on October 8, 2010, and states:

### DOCUMENT REQUESTS

1.    Documents, software, materials, data, and other property that you received during and by virtue of your employment with Plaintiff, including (but not limited to) all files, documents, software, materials, data, and other property relating to Plaintiff's business.

    **RESPONSE: Being provided in accordance with the parties' agreed search protocol.**

2.    Provide for inspection by an outside computer forensic expert of Plaintiff's choosing all computer(s) and electronic storage device(s) identified in your response to Plaintiff's Interrogatories to you.

    **RESPONSE: In accordance with the parties' agreed search protocol, the iTeam defendants have authorized search of their devices in Paymentech's possession. The parties will determine whether searches of additional devices not in Paymentech's possession are necessary. The iTeam defendants object for now to further searches as unnecessary, burdensome, not reasonably calculated to lead to discovery of admissible evidence, and invading privacy and**

1

**proprietary interests, and attorney-client and work product privileges.**

3.    Communication by and between you and any of the Defendants that discuss past or future use of any of Plaintiff's files, documents, software, materials, data, and other property relating to Plaintiff's business.

> **RESPONSE: Being provided in accordance with the parties' agreed search protocol. Objection: unnecessary, burdensome, not reasonably calculated to lead to discovery of admissible evidence, and invading privacy and proprietary interests, and attorney-client and work product privileges to the extent further search is sought.**

4.    Communications sent or received by you that discuss past or future use of any of Plaintiff's files, documents, software, materials, data, and other property relating to Plaintiff's business with any person not employed by Plaintiff.

> **RESPONSE: Being provided in accordance with the parties' agreed search protocol. Objection: unnecessary, burdensome, not reasonably calculated to lead to discovery of admissible evidence, and invading privacy and proprietary interests, and attorney-client and work product privileges to the extent further search is sought.**

5.    Documents sufficient to identify every e-mail address and every e-mail account maintained, used or accessed by Defendant (i.e., Hotmail, Yahoo, AOL, Comcast, etc.) for any purpose from January 1, 2008 to the present.

> **RESPONSE:**
>
> **Carl.Napoli@ChasePaymentech.com**
> **cnapoli@paymentech.com**
> **cnapoli@iteamsolutions.com**
> **carlnapoli@hotmail.com**
> **napolicarl@gmail.com**
> **Carl.Napoli@ScorpionsYouthHockey.com**
> **Carl.Napoli@SportsFinancials.com**

2

6.     Communications between you and any of Plaintiff's business competitors regarding your knowledge of, or access to, Plaintiff's files, documents, software, materials, data and other property relating to Plaintiff's business.

RESPONSE:  None.

7.     Communications between you and any of the Defendants since January 1, 2009.

RESPONSE:  Being provided in accordance with the parties' agreed search protocol.   Objection:   unnecessary, burdensome, not reasonably calculated to lead to discovery of admissible evidence, and invading privacy and proprietary interests, and attorney-client and work product privileges to the extent further search is sought.

BUSH ROSS, P.A.
P. O. Box 3913
Tampa, FL  33602
(813) 224-9255
(813) 223-9620 (fax)
*Attorneys for Defendants, Carl Napoli, Jerry Napoli,  Steve Vickers, and iTeamSolutions, LLC*

By

David C. Banker, Esquire
Florida Bar No.: 352977
dbanker@bushross.com
Keith D. Skorewicz
Florida Bar No.: 583618
kskorewicz@bushross.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail on the _____ day of October, 2010 to: Courtney B. Wilson, Esquire, Littler Mendelson, PC, Suite 1500, 2 S. Biscayne Blvd., Miami, FL  33131, Harold D. Jones, Esquire, Jeremy W. Hawpe, Esquire, Ryan Griffitts, Esquire, Littler Mendelson, PC, Suite 2600, Lock Box 116, 2001 Ross Avenue, Dallas, TX  75201-2931, and Lansing Charles Scriven, Esquire, 442 W. Kennedy Blvd., Suite 280, Tampa, FL  33606-1464.

Attorney

3                                                                          851986.1

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PAYMENTECH, LLC,

      Plaintiff,                          Case No.:  8:10-cv-2195-T27-AEP

v.

CARL NAPOLI, JERRY NAPOLI,
STEVE VICKERS, JAMIE BULLARD,
and iTeamSolutions, LLC,

      Defendants.

_____/

## JERRY NAPOLI'S RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

The defendant, JERRY NAPOLI, through counsel, responds to plaintiff's first set of interrogatories and states:

## INTERROGATORIES

## INTERROGATORY NO. 1:

For the period from January 1, 2008 until the present, please identify all email addresses of any email accounts you have used, identify the telephone numbers for any and all cellular telephone, home telephone, other phones or phone service that have been issued to you or that have otherwise been used by you.

### RESPONSE:

      jerry.napoli@iteamsolutions.com
      jnapoli@iteamsolutions.com
      jnapoli@chasepaymentech.com
      jerry.napoli@chasepaymentech.com
      ilopanj@gmail.com
      ilopanj@yahoo.com
      napolij@verizon.net
      napolij@tampabay.rr.com
      ilopanj@me.com

**INTERROGATORY NO. 2:**

Describe, in detail and with specificity, any transfer of information, whether written, oral, electronic or otherwise, from you to any third party regarding any part of Plaintiffs business. Such description should identify any and all documents referring or relating to such communications, should include the substance of the information provided and should include the dates on which the information was provided.

**RESPONSE:**

| Date | Description |
|------|-------------|
| February 2008 | I was providing support on behalf of Paymentech to one of Paymentech's customers, SecureNet, who was having problems talking to Paymentech's gateway. I sent SecureNet a test tool executable (no source code) I created specifically to help them diagnose problems talking to Paymentech's gateway using my iTeam email. |
| January – February 2010 | I had email conversations with Orange Lake providing them descriptions of the services offered through Paymentech's Orbital Gateway product to persuade Orange Lake to switch their credit-card processing from their existing payment processor to Paymentech. |

**INTERROGATORY NO. 3:**

Please identify and describe any of Plaintiff's property that is within your custody possession, or control, including, but not limited to, files, manuals, correspondence, training materials, marketing leads, passwords, documents, and lists. This interrogatory includes any electronic copies of such materials.

**RESPONSE: See iTeam Defendants' Disclosure and Proposed Search Protocol provided to plaintiff's counsel on October 20, 2010 which attempts to summarize the plaintiff's information in possession of the iTeam defendants.**

**INTERROGATORY NO. 4:**

Please identify (by location and make/type of computer) all computers (including external hard drives, flash drives or any other type of device capable of storing electronic

information) within your possession, custody, or control upon which you have viewed and/or saved and/or in any way accessed documents or materials of Plaintiff (including Plaintiff's parent company).

**RESPONSE:**

| Make/Type | Description | Location |
|---|---|---|
| MacBook Pro 17" | My personal laptop | In Paymentech's possession |
| MacBook Pro 15" | My wife's personal laptop and my former laptop. I gave this laptop to my wife in January 2010. | In my wife's possession |
| TimeCapsule | Our family's wireless router/backup storage device | At home |
| Fujitsu 120G 2.5" Hard drive | Original hard drive from my wife's current/my former laptop | At home |
| Western Digital USB storage drive(s) | Used on occasion to back up my or my wife's personal laptops | At home |

**INTERROGATORY NO. 5:**

Please identify (by location and make/type of computer) all electronic storage devices ("ESD") within your possession, custody, or control upon which you have viewed and/or saved and/or in any way accessed documents or materials of Plaintiff (including Plaintiff's parent company). "ESD" means and includes devices used to transmit e-mails and instant messages, both sent and received, whether internally or externally; word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; data generated by calendaring, task management, and personal information management (PIM) software (e.g., Microsoft Outlook or Lotus Notes); data created with the use of personal data assistants (PDAs) or other Windows CE-based or Pocket PC devices (e.g., PalmPilots, Blackberrys, etc.); and other electronic or telecommunicative devices, including but not limited to voice mail.

**RESPONSE:**

| Make/Type | Description | Location |
|---|---|---|
| IPhone 3GS | My wife's personal cell phone.  This was my former cell phone given by me to my wife around May 2010 | In my wife's possession |
| All of the foregoing listed in Interrogatory No. 4 | | |

**INTERROGATORY NO. 6:**

Identify every employer or entity for which you have performed compensated work since January 1, 2008 including, but not limited to, the name of your employer (or entity with which you have contracted), the address and telephone number, the date you began employment (or entered into an independent contractor agreement or relationship) and if applicable, the date you left such employment (or the date such independent contractor agreement or relationship was terminated).

**RESPONSE:**

| Date | Entity | Contact Information |
|---|---|---|
| November 2002–September 2010 | Paymentech | 4200 W. Cypress St. Tampa, FL  33607 813-354-4200 |
| ~1999–Present | iTeamSolutions | P.O. Box 27 Tarpon Springs, FL 34688 888-498-0507 |

**INTERROGATORY NO. 7:**

If you have downloaded, copied or taken any of Plaintiff's documents, software and things (regardless of media), please identify any and all third parties you have given such information to (including copies thereof) as well as any third parties whom you have given access to such information. Your response should include the identity of all third parties whom you have shared such information, the date you provided such Information, how the information was transmitted (i.e. in person or via electronic transfer), and the purpose of sharing such information with the third-party.

**RESPONSE:**  See response to interrogatory 2.

4

| | |
|---|---|
| **Early September 2010** | **I sent a subset of "toolbox" source code used in the Orbital Gateway and SDK's to Scott Monahan's personal server via "SCP".  The 'toolbox' code sent is generic in nature and does not contain any trade secret information or business logic. I did this to help my friend, Scott Monahan.  I did not believe that I was revealing any confidential trade secret information by doing this.** |

**VERIFICATION**

Jerry Napoli

STATE OF FLORIDA                )
                                )SS:
COUNTY OF HILLSBOROUGH )

    BEFORE ME, the undersigned authority, personally appeared Jerry Napoli, who is personally known to me, or who has produced the following type of identification: _____ ; that he executed the foregoing Responses to Interrogatories and that the responses are true and correct to the best of his knowledge, information, and belief; and that he did (did not) take an oath.

    SWORN TO AND SUBSCRIBED before me this 22ND day of OCTOBER 2010.

Notary Public,
State of Florida at Large

(Seal)

(Printed Name of Notary Public) _____
My Commission Expire

> KAREN DILLON
> Commission # DD 963953
> Expires June 20, 2014
> Bonded Thru Troy Fain Insurance 800-385-7019

6

852654.1

# EXHIBIT D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAYMENTECH, LLC,

       Plaintiff,                       Case No.:  8:10-cv-2195-T27-AEP

v.

CARL NAPOLI, JERRY NAPOLI,
STEVE VICKERS, JAMIE BULLARD,
and iTeamSolutions, LLC,

       Defendants.

_____/

## JERRY NAPOLI'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SOFTWARE, AND THINGS

The defendant, Jerry Napoli, through counsel and under Fed. R. Civ. P. 34, responds to the request to produce served by the plaintiff on October 8, 2010, and states:

### DOCUMENT REQUESTS

1.    Documents, software, materials, data, and other property that you received during and by virtue of your employment with Plaintiff, including (but not limited to) all files, documents, software, materials, data, and other property relating to Plaintiff's business.

       **RESPONSE:  Being provided in accordance with the parties' agreed search protocol.**

2.    Provide for inspection by an outside computer forensic expert of Plaintiff's choosing all computer(s) and electronic storage device(s) identified in your response to Plaintiff's Interrogatories to you.

       **RESPONSE: In accordance with the parties' agreed search protocol, the iTeam defendants have authorized search of their devices in Paymentech's possession.  The parties will determine whether searches of additional devices not in Paymentech's possession are necessary.  The iTeam defendants object for now to further searches as unnecessary, burdensome, not reasonably calculated to lead to discovery of admissible evidence, and invading privacy and**

1

proprietary interests, and attorney-client and work product privileges.

3.     Communication by and between you and any of the Defendants that discuss past or future use of any of Plaintiff's files, documents, software, materials, data, and other property relating to Plaintiff's business.

> **RESPONSE: Being provided in accordance with the parties' agreed search protocol. Objection: unnecessary, burdensome, not reasonably calculated to lead to discovery of admissible evidence, and invading privacy and proprietary interests, and attorney-client and work product privileges to the extent further search is sought.**

4.     Communications sent or received by you that discuss past or future use of any of Plaintiff's files, documents, software, materials, data, and other property relating to Plaintiff's business with any person not employed by Plaintiff.

> **RESPONSE: Being provided in accordance with the parties' agreed search protocol. Objection: unnecessary, burdensome, not reasonably calculated to lead to discovery of admissible evidence, and invading privacy and proprietary interests, and attorney-client and work product privileges to the extent further search is sought.**

5.     Documents sufficient to identify every e-mail address and every e-mail account maintained, used or accessed by Defendant (i.e., Hotmail, Yahoo, AOL, Comcast, etc.) for any purpose from January 1, 2008 to the present.

> **RESPONSE:**
>
> **jerry.napoli@iteamsolutions.com**
> **jnapoli@iteamsolutions.com**
> **jnapoli@chasepaymentech.com**
> **jerry.napoli@chasepaymentech.com**
> **ilopanj@gmail.com**
> **ilopanj@yahoo.com**
> **napolij@verizon.net**
> **napolij@tampabay.rr.com**
> **ilopanj@me.com**

2

6.   Communications between you and any of Plaintiff's business competitors regarding your knowledge of, or access to, Plaintiff's files, documents, software, materials, data and other property relating to Plaintiff's business.

**RESPONSE: None.**

7.   Communications between you and any of the Defendants since January 1, 2009.

**RESPONSE:  Being provided in accordance with the parties' agreed search protocol.   Objection:   unnecessary, burdensome, not reasonably calculated to lead to discovery of admissible evidence, and invading privacy and proprietary interests, and attorney-client and work product privileges to the extent further search is sought.**

BUSH ROSS, P.A.
P. O. Box 3913
Tampa, FL  33602
(813) 224-9255
(813) 223-9620 (fax)
*Attorneys for Defendants, Carl Napoli, Jerry Napoli, Steve Vickers, and iTeam Solutions, LLC*

By: _____
David C. Banker, Esquire
Florida Bar No.: 352977
dbanker@bushross.com
Keith D. Skorewicz
Florida Bar No.:  583618
kskorewicz@bushross.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail on the 20 day of October, 2010 to: Courtney B. Wilson, Esquire, Littler Mendelson, PC, Suite 1500, 2 S. Biscayne Blvd., Miami, FL  33131, Harold D. Jones, Esquire, Jeremy W. Hawpe, Esquire, Ryan Griffitts, Esquire, Littler Mendelson, PC, Suite 2600, Lock Box 116, 2001 Ross Avenue, Dallas, TX  75201-2931, and Lansing Charles Scriven, Esquire, 442 W. Kennedy Blvd., Suite 280, Tampa, FL  33606-1464.

_____
Attorney

851980.1

# EXHIBIT E

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAYMENTECH, LLC,

      Plaintiff,                                 Case No.:  8:10-cv-2195-T27-AEP

v.

CARL NAPOLI, JERRY NAPOLI,
STEVE VICKERS, JAMIE BULLARD,
and ITeamSolutions, LLC,

      Defendants.
_____/

## STEVE VICKERS' RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

      The defendant, STEVE VICKERS, through counsel, responds to plaintiff's first set of interrogatories and states:

### INTERROGATORIES

### INTERROGATORY NO. 1:

      For the period from January 1, 2008 until the present, please identify all email addresses of any email accounts you have used, identify the telephone numbers for any and all cellular telephone, home telephone, other phones or phone service that hav been issued to you or that have otherwise been used by you.

      **RESPONSE:**

            **Steve.vickers@chasepaymentech.com**
            **Svickers@paymentech.com**
            **Svickers@iteamsolutions.com**
            **Steve.b.vickers@gmail.com**
            **Maybe:  anoni9999@yahoo.com**

            **Phone: 813-453-2401**

1

**INTERROGATORY NO. 2:**

Describe, in detail and with specificity, any transfer of information, whether written, oral, electronic or otherwise, from you to any third party regarding any part of Plaintiffs business. Such description should identify any and all documents referring or relating to such communications, should include the substance of the information provided and should include the dates on which the information was provided.

**RESPONSE:  None to the best of my knowledge.**

**INTERROGATORY NO. 3:**

Please identify and describe any of Plaintiff's property that is within your custody possession, or control, including, but not limited to, files, manuals, correspondence, training materials, marketing leads, passwords, documents, and lists. This interrogatory includes any electronic copies of such materials.

**RESPONSE:  See iTeam Defendants' Disclosure and Proposed Search Protocol provided to plaintiff's counsel on October 20, 2010 which attempts to summarize the plaintiff's information in possession of the iTeam defendants.**

**INTERROGATORY NO. 4:**

Please identify (by location and make/type of computer) all computers (including external hard drives, flash drives or any other type of device capable of storing electronic information) within your possession, custody, or control upon which you have viewed and/or saved and/or in any way accessed documents or materials of Plaintiff (including Plaintiff's parent company).

**RESPONSE:  I have at my home the Intel server which is used to host iTeam repositories.  My personal laptop.**

**INTERROGATORY NO. 5:**

Please identify (by location and make/type of computer) all electronic storage devices ("ESD") within your possession, custody, or control upon which you have viewed and/or saved and/or in any way accessed documents or materials of Plaintiff (including Plaintiffs parent

2

852214.1

company). "ESD" means and includes devices used to transmit e-mails and instant messages, both sent and received, whether internally or externally; word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; data generated by calendaring, task management, and personal information management (PIM) software (e.g., Microsoft Outlook or Lotus Notes); data created with the use of personal data assistants (PDAs) or other Windows CE-based or Pocket PC devices (e.g., PalmPilots, Blackberrys, etc.); and other electronic or telecommunicative devices, including but not limited to voice mail.

> **RESPONSE:  See response to 4.  Steve Vickers also has CD of Soap Tester artifacts which he is bringing to the depositions.**

## INTERROGATORY NO. 6:

Identify every employer or entity for which you have performed compensated work since January 1, 2008 including, but not limited to, the name of your employer (or entity with which you have contracted), the address and telephone number, the date you began employment (or entered into an independent contractor agreement or relationship) and if applicable, the date you left such employment (or the date such independent contractor agreement or relationship was terminated).

> **RESPONSE:**
>
> **iTeamSolutions – ~1999 – Current**
> **P.O. Box 27**
> **Tarpon Springs, FL  34688**
>
> **Paymentech – December 2008**
> **4200 West Cypress St.**
> **Tampa, FL  33607**
>
> **JP Morgan Chase – January 2009 – September 2010**
> **4200 West Cypress St.**
> **Tampa, FL**

## INTERROGATORY NO. 7:

If you have downloaded, copied or taken any of Plaintiff's documents, software and things (regardless of media), please identify any and all third parties you have given such information to (including copies thereof) as well as any third parties whom you have given access to such information. Your response should include the identity of all third parties whom you have shared such information, the date you provided such information, how the information was transmitted (i.e. in person or via electronic transfer), and the purpose of sharing such information with the third-party.

**RESPONSE:**  I sent non-Orbital Perl scripts to Keith Von Hagel sometime in 2010.  The files did not contain any Orbital Gateway code.  The Perl scripts showed how to use publicly available Perl libraries.  I sent the scripts on Paymentech's email system.

852214.1

## VERIFICATION

_____
Steve Vickers

STATE OF FLORIDA             )
                            )SS:
COUNTY OF HILLSBOROUGH)

BEFORE ME, the undersigned authority, personally appeared Steve Vickers, who is personally known to me, or who has produced the following type of identification: FLORIDA D. L. ; that he executed the foregoing Responses to Interrogatories and that the responses are true and correct to the best of his knowledge, information, and belief; and that he did (did not) take an oath.

SWORN TO AND SUBSCRIBED before me this 22ND day of OCTOBER, 2010.

_____
Notary Public,
State of Florida at Large

(Seal)
_____
(Printed Name of Notary Public)
My Commission Expire



KAREN DILLON
Commission # DD 963953
Expires June 20, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

5

852214.1

# EXHIBIT F

tUNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAYMENTECH, LLC,

      Plaintiff,                          Case No.:  8:10-cv-2195-T27-AEP

v.

CARL NAPOLI, JERRY NAPOLI,
STEVE VICKERS, JAMIE BULLARD,
and iTeamSolutions, LLC,

      Defendants.
_____/

## VICKER'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SOFTWARE, AND THINGS

      The defendant, Steve Vickers ("Vickers"), through counsel and under Fed. R. Civ. P. 34, responds to the request to produce served by the plaintiff on October 8, 2010, and states:

## DOCUMENT REQUESTS

      1.     Documents, software, materials, data, and other property that you received during and by virtue of your employment with Plaintiff, including (but not limited to) all files, documents, software, materials, data, and other property relating to Plaintiff's business.

            **RESPONSE:  Being provided in accordance with the parties' agreed search protocol.**

      2.     Provide for inspection by a outside computer forensic expert of Plaintiff's choosing all computer(s) and electronic storage device(s) identified in your response to Plaintiff's Interrogatories to you.

            **RESPONSE:  In accordance with the parties' agreed search protocol, the iTeam defendants have authorized search of their devices in Paymentech's possession.   The parties will determine whether searches of additional devices not in Paymentech's possession are necessary. The iTeam defendants object for now to further searches as unnecessary, burdensome, not reasonably calculated to lead to discovery of admissible evidence, and invading privacy and**

1

proprietary interests, and attorney-client and work product privileges.

3.     Communication by and between you and any of the Defendants that discuss past or future use of any of Plaintiff's files, documents, software, materials, data, and other property relating to Plaintiff's business.

> **RESPONSE: Being provided in accordance with the parties' agreed search protocol. Objection: unnecessary, burdensome, not reasonably calculated to lead to discovery of admissible evidence, and invading privacy and proprietary interests, and attorney-client and work product privileges to the extent further search is sought.**

4.     Communications sent or received by you that discuss past or future use of any of Plaintiff's files, documents, software, materials, data, and other property relating to Plaintiff's business with any person not employed by Plaintiff.

> **RESPONSE: Being provided in accordance with the parties' agreed search protocol. Objection: unnecessary, burdensome, not reasonably calculated to lead to discovery of admissible evidence, and invading privacy and proprietary interests, and attorney-client and work product privileges to the extent further search is sought.**

5.     Documents sufficient to identify every e-mail address and every e-mail account maintained, used or accessed by Defendant (i.e., Hotmail, Yahoo, AOL, Comcast, etc.) for any purpose from January 1, 2008 to the present.

> **RESPONSE:**
>
> Steve.vickers@chasepaymentech.com
> Svickers@paymentech.com
> Svickers@iteamsolutions.com
> Steve.b.vickers@gmail.com

6.     Communications between you and any of Plaintiff's business competitors regarding your knowledge of, or access to, Plaintiff's files, documents, software, materials, data and other property relating to Plaintiff's business.

> **RESPONSE: None.**

2

7.    Communications between you and any of the Defendants since January 1, 2009.

**RESPONSE:  Being provided in accordance with the parties' agreed search protocol.   Objection:   unnecessary, burdensome, not reasonably calculated to lead to discovery of admissible evidence, and invading privacy and proprietary interests, and attorney-client and work product privileges to the extent further search is sought.**

BUSH ROSS, P.A.
P. O. Box 3913
Tampa, FL  33602
(813) 224-9255
(813) 223-9620 (fax)
*Attorneys for Defendants, Carl Napoli, Jerry Napoli, Steve Vickers, and iTeamSolutions, LLC*

By:_____
David C. Banker, Esquire
Florida Bar No.: 352977
dbanker@bushross.com
Keith D. Skorewicz
Florida Bar No.:  583618
kskorewicz@bushross.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail on the _____ day of October, 2010 to: Courtney B. Wilson, Esquire, Littler Mendelson, PC, Suite 1500, 2 S. Biscayne Blvd., Miami, FL  33131, Harold D. Jones, Esquire, Jeremy W. Hawpe, Esquire, Ryan Griffitts, Esquire, Littler Mendelson, PC, Suite 2600, Lock Box 116, 2001 Ross Avenue, Dallas, TX  75201-2931, and Lansing Charles Scriven, Esquire, 442 W. Kennedy Blvd., Suite 280, Tampa, FL  33606-1464.

_____
Attorney

851940.1

# EXHIBIT G

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAYMENTECH, LLC,

       Plaintiff,                          Case No.:  8:10-cv-2195-T27-AEP

v.

CARL NAPOLI, JERRY NAPOLI,
STEVE VICKERS, JAMIE BULLARD,
and iTeamSolutions, LLC,

       Defendants.
_____/

## iTEAM'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SOFTWARE, AND THINGS

The defendant, iTeamSolutions, LLC ("iTeam"), through counsel and under Fed. R. Civ.

P. 34, responds to the request to produce served by the plaintiff on October 8, 2010, and states:

### DOCUMENT REQUESTS

1.    Produce all physical items in your possession that relate, regard, or mention Plaintiff or relate, refer or mention any information, including confidential information, obtained from Plaintiff.

        **RESPONSE:  Being provided in accordance with parties' agreed search protocol.**

2.    Produce all documents that identify iTeamSolutions, LLC's current or former clients.

        **RESPONSE:  To the best of our knowledge, iTeam's clients have included Paymentech, Home Shopping Network, Orange Lake, Firethorn, Neonsoft, Central Florida Investments, Kforce, Gevity HR, Predictive, RM Berry, Ivan Financials, Sports Financials, ISPC, Arbitration Forums, Venice investment firm.**

1

3. Produce all documents that identify iTeamSolutions LLC's officers, directors, shareholders, and employees.

**RESPONSE: Members: Steve Vickers, Carl Napoli, Jerry Napoli, Chris Hannigan, and Patrick Flahan.**

**Office Manager: Donna Boschelli**

4. Produce all invoices from January 2008 to the present issued by iTeamSolutions to competitors, vendors, or clients of Plaintiff

**RESPONSE: Objection: relevance.**

5. Provide all Profit & Loss Sheets and Balance sheets for iTeamSolutions from January 2008 to the present.

**RESPONSE: Objection: relevance.**

6. Produce all contracts between iTeamSolutions, LLC and any Defendant.

**RESPONSE: None other than membership agreement.**

BUSH ROSS, P.A.
P. O. Box 3913
Tampa, FL 33602
(813) 224-9255
(813) 223-9620 (fax)
*Attorneys for Defendants, Carl Napoli, Jerry Napoli, Steve Vickers, and iTeamSolutions, LLC*

By: _____
David C. Banker, Esquire
Florida Bar No.: 352977
dbanker@bushross.com
Keith D. Skorewicz
Florida Bar No.: 583618
kskorewicz@bushross.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail on the _____ day of October, 2010 to: Courtney B. Wilson, Esquire, Littler Mendelson, PC, Suite 1500, 2 S. Biscayne Blvd., Miami, FL  33131, Harold D. Jones, Esquire, Jeremy W. Hawpe, Esquire, Ryan Griffitts, Esquire, Littler Mendelson, PC, Suite 2600, Lock Box 116, 2001 Ross Avenue, Dallas, TX  75201-2931, and Lansing Charles Scriven, Esquire, 442 W. Kennedy Blvd., Suite 280, Tampa, FL  33606-1464.

_____
Attorney

3

851968.1

# EXHIBIT H



Littler Mendelson, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931

Harold D. Jones
Shareholder
214.880.8111 direct
214.880.8100 main
214.889.5744 fax
hdjones@littler.com

November 23, 2010

**VIA EMAIL: DBANKER@BUSHROSS.COM**

David C. Banker
BUSH | ROSS, P.A.
1801 North Highland Avenue
Tampa, Florida 33602

     *Re:*    *Paymentech, LLC, v. Carl Napoli, et al*

Dear David:

     We have received and reviewed the iTeam Defendants' responses and objections to Plaintiff's requests for production and first set of interrogatories. This letter will identify a number of deficiencies in hopes that we can avoid the court's intervention.

     <u>iTeam Solutions' Response to Requests for Production</u>. Request No. 2 seeks documents reflecting iTeamSolutions' current or former customers. While you have provided a list of former customers, no responsive documents have been produced. Please produce documents in response to the request.

     Request No 4 seeks invoices from January 2008 to the present issued by iTeam to clients, vendors, etc. You have asserted a "relevance" objection. These documents are clearly relevant to Plaintiff's claims asserted in this suit. The discovery to-date has revealed that the Napolis and Vickers were performing payment processing consulting services and other work on behalf of iTeam while employed with Plaintiff, and in doing so breached their duty of loyalty, and may have misappropriated Plaintiff's trade secrets. Plaintiff should be afforded the opportunity to discover the financial compensation Defendants received as a result of these actions. Please produce documents in response to this request.

     Request No. 5 seeks the profit & loss sheets and balance sheets. Just as the billings of iTeam are relevant for the reasons identified above, so are the financials of iTeam. Accordingly, please supplement.

     Request No. 6 states that there are no other contracts between iTeam and any Defendant other than the membership agreement. Please produce a copy of the membership agreement.

David C. Banker
November 23, 2010
Page 2

_____

     <u>Individual Defendants' Requests for Production</u>.   Request No. 3 to each of the Individual Defendants asks for communication by and between the Defendants regarding the past or future use of Plaintiff's files, documents, materials, data and property.  We are willing to limit this request to January 1, 2007 to the present.  You have objected, in part, that documents responsive to this request are "being provided in accordance with the parties' agreed search protocol."  However, these communications may or may not be captured by the forensic review.  The forensic review does not foreclose or limit normal discovery.

     Given that the Defendants have identified Hotmail, Gmail and other web-based email accounts, it is unlikely that the forensic review will reveal all such relevant communications.  Defendants' objections that the request is "not reasonably calculated to lead to the discovery of admissible evidence" is without merit.  If Defendants have communications about the use of Plaintiff's property, such documents are entirely relevant to this case.  Despite your objection that such a request is "burdensome," you have not identified while this objection is burdensome.  This request, of course, only encompasses documents in Defendants' custody, control or possession.  Thus, if Defendants are to be believed regarding their actions, there should be limited or no documents responsive to this request.  Thus, please produce these relevant communications for each of the Individual Defendants, or supplement accordingly.

     Request No. 4 to each of the Individual Defendants asks for communication by and between Defendants and other parties regarding Plaintiff's files, software, data, property, etc.  For the reasons identified above, these documents are relevant and should be produced.

     We would like to avoid judicial intervention on these issues and would appreciate it you would supplement Defendants' responses no later than Friday, December 3, 2010.  If we have not heard back from you by that time, we will have no choice but to file the appropriate motion.

     Should you have any questions, please do not hesitate to contact me.

                       Very truly yours,

                       Harold D. Jones

HDJ/jwh
Firmwide:98806872.1 065834.1001

# EXHIBIT I

Page 1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


PAYMENTECH, LLC,

     Plaintiff,

vs.                        CIVIL ACTION NO.

CARL NAPOLI, JERRY NAPOLI,     8:10-cv-02195-T27-AEP
STEVE VICKERS, JAMIE BULLARD,
and iTeamSolutions, LLC,

     Defendants.
_____/


| | |
|---|---|
| VIDEOTAPED DEPOSITION OF: | CARL NAPOLI |
| DATE: | October 25, 2010 |
| TIME: | 2:58 p.m. to 6:24 p.m. |
| PLACE: | Bush Ross, P.A.<br>1801 North Highland Avenue<br>Tampa, Florida |
| PURSUANT TO: | Notice by counsel for Plaintiff for purposes of discovery, use at trial or such other purposes as are permitted under the Florida Rules of Civil Procedure |
| BEFORE: | Valerie A. Hance, RPR<br>Notary Public, State of Florida at Large |

                    Pages 1 to 141

Napoli, Carl
Confidential

10/25/2010

Page 2

```
 1    APPEARANCES:
 2    Attorney for Plaintiff:
           RYAN GRIFFITTS, Esq.
 3         Littler Mendelson, P.C.
           2001 Ross Avenue, Suite 1500
 4         Dallas, Texas  75201
           Phone: 214.880.8100 Fax: 214.880.0181
 5         E-mail: rgriffitts@littler.com

 6    Attorney for Defendants
      Carl Napoli, Jerry Napoli, Steve Vickers,
 7    and iTeamSolutions, LLC:
           DAVID C. BANKER, Esq.
 8         Bush Ross, P.A.
           1801 North Highland Avenue
 9         Tampa, Florida  33602
           Phone: 813.224.9255 Fax: 813.223.9620
10         E-mail: dbanker@bushross.com

11    Attorney for Defendant Jamie Bullard:
           LaKISHA M. KINSEY-SALLIS, Esq.
12         Lansing C. Scriven, P.A.
           442 W. Kennedy Boulevard, Suite 280
13         Tampa, Florida  33606
           Phone: 813.254.8700 Fax: 813.254.8710
14         E-mail: lkinseysallis@scrivenlaw.com

15


16
      ALSO PRESENT:
17
          Jerome Napoli
18        Steve Vickers
          Jamie Bullard
19        George White, Chase Paymentech
          Kimberly M. Hurst, Chase Paymentech
20        Mike Byrd, Videographer
21
22
23
24
25
```

c5eac1bc-7006-4be4-a56e-24f27ea225c0

Napoli, Carl                          10/25/2010
Confidential

Page 55

1   BY MR. GRIFFITTS:

2       Q.    All right.   Mr. Napoli, you understand we're

3   back on the record and you're still under oath?

4       A.    Yes.

5       Q.    Okay.   I'm going to show you what we'll mark as

6   Exhibit C. Napoli 3.

7           MR. GRIFFITTS:   Tell you what, I'm going to --

8       here, I'll give you that.   That's for the witness.

9           MR. BANKER:   Okay.

10          (Deposition Exhibit No. 3 marked for

11  identification.)

12  BY MR. GRIFFITTS:

13      Q.    Ask you, Mr. Napoli, if you recognize this

14  document entitled "Fusion Fit Club Application Portal, A

15  Joint Development Effort" with the iTeamSolutions logo

16  on it dated April 19, 2009.

17      A.    Yes.

18      Q.    Okay.   And if I represent to you that this

19  document was discovered on your work computer, do you

20  have any reason to dispute that?

21      A.    No.

22      Q.    Okay.   What is the purpose of this document?

23      A.    This was a proposal for a friend of mine.

24      Q.    Okay.

25      A.    That owned this Fit Club.

c5eac1bc-7006-4be4-a56e-24f27ea225c0

Napoli, Carl
Confidential

10/25/2010

Page 56

1     Q.    Okay.  And did -- and part of this proposal

2   involves online storefront website and store-based

3   log-on that exposes Fusion Fit Club point-of-sales

4   features; is that right?

5     A.    Correct.

6     Q.    And it involved payment processing, credit card

7   payment, electronic check, and recurring billing, cash

8   drawer operations, and inventory-driven checkout

9   process; is that right?

10    A.    Yes, I guess.

11    Q.    Okay.  So this is something -- when did you

12   transmit this to your friend at Fusion Fit Club?

13    A.    I don't recall the date.  It was a while back.

14    Q.    Was it on or around April 19, 2009?

15    A.    I would guess, yes.

16    Q.    And who is your friend at Fusion?

17    A.    Dr. Kemp.

18    Q.    I'm sorry?

19    A.    Dr. Kemp.

20    Q.    K-e-m-p?

21    A.    Yeah.

22    Q.    What's his first name?

23    A.    Oh, let me think.  You caught me off guard.

24    Q.    Well, tell you what, while you're thinking

25   about --

Napoli, Carl                    10/25/2010
Confidential

1    do you recognize the name Architectural Solutions, Inc.?

2         A.    No.

3         Q.    Doesn't mean anything to you?

4         A.    No, no recollection at all.

5         Q.    You think we need to ask Mr. Vickers about

6    that?

7         A.    Okay.

8         Q.    Okay.  Let me show you what we'll mark as

9    Napoli -- C. Napoli 5.

10             (Deposition Exhibit No. 5 marked for

11    identification.)

12   BY MR. GRIFFITTS:

13        Q.    Let me ask you if you recognize that document

14   as a document that appears similar in substance to

15   C. Napoli 4, except that this one appears to have the

16   name "Health Intelligence Systems, Inc." -- Inc. -- in

17   the at least first paragraph of the agreement.  And

18   is that what that appears to be?

19        A.    Yes.

20        Q.    And you don't deny that this was a -- an

21   agreement that was on your -- your work computer for

22   Paymentech?

23        A.    No, I don't deny it.

24        Q.    Okay.  And can you tell me about this

25   particular document.

Napoli, Carl
Confidential

10/25/2010

Page 101

1      A.    Yes.

2      Q.    Okay.  And did iTeamSolutions land this job?

3      A.    Yes.

4      Q.    Okay.  And what did the work include?  Or can

5  you just kind of in your own words, layman's terms, tell

6  me what you-all were supposed to be doing on this

7  project?

8      A.    This project for HIS was to help them get some

9  existing code that they have up and running.

10     Q.    Okay.  For what purpose?

11     A.    For the -- I think we talked about this.  The

12  pharmacies and stuff.

13     Q.    Okay.  All right.  And who would have worked on

14  this other than yourself?

15     A.    Jerry, and Scott Monahan.

16     Q.    Okay.  Mr. Vickers work on it too?

17     A.    Not that I recall.

18     Q.    Let me show you what we'll mark as

19  Exhibit No. C. Napoli -- C. Napoli 8.

20           (Deposition Exhibit No. 8 marked for

21  identification.)

22  BY MR. GRIFFITTS:

23     Q.    Ask you if you recognize that document as a

24  proposal for financial investments with sports

25  applications dated January 1, '10.

c5eac1bc-7006-4be4-a56e-24f27ea225c0

Napoli, Carl
Confidential

10/25/2010

Page 139

1    BY MR. GRIFFITTS:

2        Q.    -- Partin?

3        A.    Correct.

4        Q.    Also Martin Rokiki?

5        A.    Correct.

6        Q.    And was there any purpose for this lunch,

7    outside of having lunch with people you regularly work

8    with?

9        A.    Just going to lunch.

10       MS. KINSEY-SALLIS:   Okay.   I have nothing

11   further.

12       MR. BANKER:   We'll waive.

13       THE VIDEOGRAPHER:   End of Tape 2.   Off the

14   record at 6:24.

15       (Deposition concluded at 6:24 p.m.)

16

17

18

19            S T I P U L A T I O N

20

21       It is hereby stipulated and agreed by and

22   among the attorneys present and the witness that

23   reading and signing of the deposition by the witness

24   is waived.

25

c5eac1bc-7006-4be4-a56e-24f27ea225c0

Napoli, Carl
Confidential

10/25/2010

Page 140

1                     CERTIFICATE OF OATH

2

3    STATE OF FLORIDA

4    COUNTY OF HILLSBOROUGH

5

6         I, the undersigned authority, certify that

7    CARL NAPOLI, personally appeared before me and was duly

8    sworn.

9

10        WITNESS my hand and official seal this 27th day

11   of October, 2010.

12

13

14

15   _____

16        Valerie A. Hance, RPR

17        Notary Public - State of Florida

18        My Commission Expires: 09/17/12

19        Commission No. DD806894

20

21

22

23

24

25

c5eac1bc-7006-4be4-a56e-24f27ea225c0

Napoli, Carl
Confidential

Page 141

1                    REPORTER'S CERTIFICATE

2

3    STATE OF FLORIDA

4    COUNTY OF HILLSBOROUGH

5           I, Valerie A. Hance, Registered Professional
     Reporter, certify that I was authorized to and did
6    stenographically report the deposition of CARL NAPOLI;
     and that a review of the transcript was not requested;
7    and that the transcript is a true and complete record of
     my stenographic notes.

8

            I further certify that I am not a relative,
9    employee, attorney, or counsel of any of the parties,
     nor am I a relative or employee of any of the parties'
10   attorney or counsel connected with the action, nor am I
     financially interested in the action.

11

12

            Dated this 27th day of October, 2010.
13

14

15          _____

                    Valerie A. Hance, RPR
16

17

18

19

20

21

22

23

24

25

# EXHIBIT J

Napoli, Jerome
Confidential

10/25/2010

Page 1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


PAYMENTECH, LLC,

       Plaintiff,

vs.                           CIVIL ACTION NO.

CARL NAPOLI, JERRY NAPOLI,      8:10-cv-02195-T27-AEP
STEVE VICKERS, JAMIE BULLARD,
and iTeamSolutions, LLC,

       Defendants.
_____/


      VIDEOTAPED
      DEPOSITION OF:    JEROME NAPOLI


      DATE:           October 25, 2010


      TIME:           9:10 a.m. to 2:36 p.m.


      PLACE:          Bush Ross, P.A.
                   1801 North Highland Avenue
                   Tampa, Florida


      PURSUANT TO:     Notice by counsel for Plaintiff
                   for purposes of discovery, use
                   at trial or such other purposes
                   as are permitted under the
                   Florida Rules of Civil Procedure


      BEFORE:        Valerie A. Hance, RPR
                   Notary Public, State of
                   Florida at Large


                   Pages 1 to 153

2e47cb2c-31fb-4839-b318-c8cffcf76692

Page 2

```
 1   APPEARANCES:
 2   Attorney for Plaintiff:
          RYAN GRIFFITTS, Esq.
 3        Littler Mendelson, P.C.
          2001 Ross Avenue, Suite 1500
 4        Dallas, Texas  75201
          Phone: 214.880.8100 Fax: 214.880.0181
 5        E-mail: rgriffitts@littler.com

 6   Attorney for Defendants
     Carl Napoli, Jerry Napoli, Steve Vickers,
 7   and iTeamSolutions, LLC:
          DAVID C. BANKER, Esq.
 8        Bush Ross, P.A.
          1801 North Highland Avenue
 9        Tampa, Florida  33602
          Phone: 813.224.9255 Fax: 813.223.9620
10        E-mail: dbanker@bushross.com

11   Attorneys for Defendant Jamie Bullard:
          LANSING C. SCRIVEN, Esq.
12        LaKISHA M. KINSEY-SALLIS, Esq.
          Lansing C. Scriven, P.A.
13        442 W. Kennedy Boulevard, Suite 280
          Tampa, Florida  33606
14        Phone: 813.254.8700 Fax: 813.254.8710
          E-mail: lscriven@scrivenlaw.com
15        E-mail: lkinseysallis@scrivenlaw.com

16


17

     ALSO PRESENT:
18
     Carl Napoli
19   Steve Vickers
     Jamie Bullard
20   George White, Chase Paymentech
     Kimberly M. Hurst, Chase Paymentech
21   Mike Byrd, Videographer
22
23
24
25
```

Napoli, Jerome                    10/25/2010
Confidential

Page 62

1    and what was the project.

2        A.   Let's see.  Orange Lake.  There is Firethorn.

3    And -- and -- let's see.  HIS.  And that's all I can

4    remember.

5        Q.   Okay.  What were you doing for Orange Lake?

6        A.   I guess, business process automation.

7        Q.   Okay.  And with regard to Orange Lake, would

8    you agree with me that part of that included payment

9    processing work?

10       A.   No.

11       Q.   You would not?

12       A.   No.

13       Q.   Okay.  What's not correct about that?

14       A.   Because they don't process payments.

15       Q.   Okay.  Did that work have anything to do with

16   the -- with Orange Lake's ability to process payments in

17   any way?

18       A.   They sent payments.  They authorized payments.

19   They sent payments.

20       Q.   Okay.

21       A.   They don't process them.

22       Q.   Okay.  And to whom did they send payments?

23       A.   I believe they're sending them to ProtoBase.

24       Q.   Okay.  And ProtoBase is the -- is a competitor

25   of -- or a competitive solution competitive for -- for

Elavon; is it not? I mean, it's competitive to Orbital Gateway?

A. That rings a bell.

Q. Okay.

A. Yeah, that -- that rings a bell, but -- but, yeah, they're a -- they're a -- they're a processor, I believe, right?

Q. Okay. So in other words, ProtoBase is similar to Orbital Gateway?

A. Yeah.

Q. Right. And it's Elavon's version, for lack of a better word, of Orbital Gateway; is it not?

A. I think so, yeah.

Q. And Elavon is competitor of Paymentech, isn't it?

A. Yeah.

Q. And so you were working on, for Orange Lake, a project that involved Orange Lake's interface with ProtoBase?

A. Not exactly, no.

Q. Okay. What's incorrect about that?

A. It involved automating what they already did.

Q. Okay. And -- but what they already did included an interface with ProtoBase; did it not?

A. That's true.

Napoli, Jerome
Confidential

10/25/2010

Page 101

1    5:30 to 6:00 or, you know, 7:00, 8:00, 9:00.  All sorts

2    of hours.  You know, I -- depends on what was going on.

3         Q.    Okay.  So you're -- you didn't have regular

4    habitual office hours of 8:00 to 5:00?

5         A.    There were core hours that we maintained.  We

6    tried to maintain like between 9:00 and 3:00.

7         Q.    So sometimes you might leave at 3:00, get in

8    early --

9         A.    Yes.

10        Q.    -- et cetera?

11        A.    Yes.

12        Q.    You understood that the Orbital source code is

13   unique to Paymentech, true?

14             MR. BANKER:  Object to form.

15             THE WITNESS:  That's a -- that's a very broad

16        question.

17   BY MR. GRIFFITTS:

18        Q.    Okay.  Paymentech owns it, right?

19        A.    I don't dispute that.

20        Q.    Okay.  Nobody else owns it, right?

21        A.    That's true.

22        Q.    Okay.  You understood that it's considered by

23   Paymentech to be confidential information; is that true?

24        A.    I'm not sure what you mean by "confidential."

25        Q.    Okay.  Well, they take steps to maintain it so

Napoli, Jerome                              10/25/2010
Confidential

Page 102

1    that it is not publicized to the general public or even

2    to the -- even to competitors, right?

3         A.    Sure.

4         Q.    It's password protected.  We've talked about

5    the efforts previously in your deposition that it -- it

6    going to maintaining it in a way that it's not disclosed

7    to non-Paymentech personnel, right?

8         A.    Well, I wouldn't say it's password protected.

9         Q.    It's not password protected?

10        A.    In the sense that if you're on the network, you

11   could probably get to it.

12        Q.    And do you have to have a pass code to enter

13   the network?

14        A.    Yeah, that, you do.

15        Q.    You understood it wasn't to be shared with

16   competitors or other third parties, right?

17        A.    Yes.

18        Q.    In other words, they wouldn't want you to go to

19   Elavon, and tell them, Hey, here is what the Orbital

20   batch looks like, right?

21        A.    No.  Sure.

22        Q.    Okay.  And it took significant resources and

23   time to develop that, including a lot of which was

24   during your tenure as an employee, right?

25        A.    Yes.

2e47cb2c-31fb-4839-b318-c8cffcf76692

Napoli, Jerome
Confidential
10/25/2010

Page 151

1

2

3                    S T I P U L A T I O N

4

5          It is hereby stipulated and agreed by and

6     among the attorneys present and the witness that

7     reading and signing of the deposition by the witness

8     is waived.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 152

1                      CERTIFICATE OF OATH

2

3     STATE OF FLORIDA

4     COUNTY OF HILLSBOROUGH

5

6          I, the undersigned authority, certify that

7     JEROME NAPOLI, personally appeared before me and was

8     duly sworn.

9

10          WITNESS my hand and official seal this 27th day

11     of October, 2010.

12

13

14

15     _____

16          Valerie A. Hance, RPR

17          Notary Public - State of Florida

18          My Commission Expires: 09/17/12

19          Commission No. DD806894

20

21

22

23

24

25

2e47cb2c-31fb-4839-b318-c8cffcf76692

Napoli, Jerome                    10/25/2010
Confidential

Page 153

                    REPORTER'S CERTIFICATE

1

2

3   STATE OF FLORIDA

4   COUNTY OF HILLSBOROUGH

5           I, Valerie A. Hance, Registered Professional
    Reporter, certify that I was authorized to and did
6   stenographically report the deposition of JEROME NAPOLI;
    and that a review of the transcript was not requested;
7   and that the transcript is a true and complete record of
    my stenographic notes.

8

            I further certify that I am not a relative,
9   employee, attorney, or counsel of any of the parties,
    nor am I a relative or employee of any of the parties'
10  attorney or counsel connected with the action, nor am I
    financially interested in the action.

11

12

            Dated this 27th day of October, 2010.
13

14

15           _____

                 Valerie A. Hance, RPR
16

17

18

19

20

21

22

23

24

25

2e47cb2c-31fb-4839-b318-c8cffcf76692

EXHIBIT K

**JPMorganChase**

Global Security & Investigations

| Name CARL NAPOLI | D.L./State I.D. | Expiration Date |
|---|---|---|

Job Title *DEVELOPMENT MANAGER*

| Employment Location   TAMPA | Date of Hire   OCT 2001 |
|---|---|
| SSN ████████████ | DOB ████████ |
| Cell Phone ████████████ | Home Phone ████████████ |
| Residential Address ████████████ | City, State, Zip ████████████ |
| Date of Interview   9/23/2010 | Location of Interview   TAMPA |
| Interviewer(s) | |

I have been advised that my full cooperation is expected in the course of this investigation, and that my responses, which I may be requested to put in to writing, be truthful and complete to the best of my knowledge. Any intentional false statements or lack of cooperation could be considered grounds for termination. I fully understand the contents of what I have read and have been offered an opportunity to ask any questions concerning the above before signing.

Signature _____

Date _____9/23/2010_____

Witness(s) _____

Date _____

Employee                                      Date

Carl Napoli                                   September 23, 2010

I, Carl Napoli, am voluntarily making this statement to a representative of
JPMorgan Chase Global Security and Investigation.   No threats or promises of
benefit were made to me to induce me to make this statement

_____

I, Carl Napoli, have been advised by a representative of JPMorgan Chase Global
Security and Investigation that I am being interviewed regarding a violation of
JPMorgan Chase's code of conduct: being employed by an outside agency with no
request submitted and having a personal laptop at the facility.

_____

My name is Carl Napoli and I am employed by JPMorganChase as a Development
Manager and have been so employed since 2001. I am currently located at 4200
West Cypress, Tampa, Florida and I state the following:


My relationship with Paymentech started when I was working at iTeamSolutions,
LLC.  We developed the Perl, C++, and C Software development kits. As time went
forward, my brother and myself became fulltime employees at Paymentech (now
Chase).  The status of my ownership in the company hasn't changed at anytime; I
am still on the record as a partner in the company.  My role or activities in the
company iTeamSolutions since my employment here at Chase Bank is really
nothing; really more a matter of convenience.  Many of my friends and family
have my email as cnapoli@iteamsolutions.com.  There are times when old
business relationships ask for something and these requests are forward to
others.  To add, my current role here at Chase Bank is way too demanding along
with my obligations in coaching travel Ice Hockey and Roller hockey do not afford

me the time to work on other projects.   I do however maintain the Scorpions Youth Hockey Organization website on a volunteer basis.

I was questioned about my laptop usage at work. I do have a personal laptop that I generally keep with me. I use the laptop for personal email access and learning new technologies as they become available.  I have used this laptop here at Chase at times but only to send an email or something along those lines. As mentioned above, I do use the laptop to maintain a website for the Scorpions Youth Hockey Organization but not while I'm here at work.

A question was asked about me using or selling Chase technology outside the workplace for personal gain. My answer to that was absolutely no.

I have read this statement consisting of   page (s) and I have had an opportunity to make any changes.  It is true and correct to the best of my knowledge.


Dated September 23, 2010

Signed _____

Witnesses _____