IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PAYMENTECH, LLC, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | |
| CARL NAPOLI, JERRY NAPOLI, ) | 8:10-cv-02195-T27-AEP |
| STEVE VICKERS, and ) | |
| iTEAMSOLUTIONS, LLC, ) | |
| ) | |
| *Defendants.* ) | |

## CONSENT PERMANENT INJUNCTION

At the request and with the consent of counsel for all parties, the plaintiff, Paymentech, LLC ("Plaintiff" or "Paymentech"), and the defendants, Carl Napoli, Jerry Napoli, Steve Vickers, and iTeamSolutions, LLC ("iTeamSolutions"), voluntarily enter into the following Consent Permanent Injunction in connection with the settlement of this litigation:

IT IS ORDERED that the defendants (including anyone acting under their direction or control and anyone acting in concert with them) are restrained and enjoined from, directly or indirectly:

1. Using or disclosing any of Paymentech's Orbital Gateway Source Code.

2. Engaging in any unauthorized use or disclosure of Paymentech's Orbital Gateway Source Code.

3. Destroying, deleting, altering, or failing to preserve Paymentech's Orbital Gateway Source Code, except as required in the parties' Settlement Agreement.

4. Through and including March 15, 2012, (a) attempting to hire or otherwise encourage any Paymentech employee who worked in Paymentech's Tampa office as of September 29, 2010 to leave Paymentech or (b) working as an employee for, or contracting with, or working directly in any capacity with any Independent

Page 1

Sales Organizations or Value Added Retailers which had a contractual relationship with Paymentech as of September 29, 2010, as identified in the Settlement Agreement out of which this Consent Injunction arises, or (c) working as an employee for, or contracting with, or working directly in any capacity with First Data Corporation.

For purposes of this injunction, "Paymentech's Orbital Gateway Source Code" means the non-public code used by Paymentech to do the following: support merchants for debit, credit, and electronic check payments in a variety of currencies, provide security features, including web-enabled payment gateway, hosted web-based application, multiple programming interfaces (XML & Web Services), a Virtual Terminal, PC & Apple browser support, connectivity through dial, SFTP, frame and Internet, multi-merchant/multi-terminal ID support, auto-settlement of batches, batch settlement retry functionality, duplicate detection, CSV/data import functionality, credit card processing, debit card processing, Debit Bill Payment (PINLess) processing, electronic check processing, Bill Me Later (BML) processing, gift card processing, international card and direct debit processing, retail processing, Card Not Present processing, authorization transactions, account verification transactions, reversal transactions, deposit transactions, refund transactions, multi-currency processing, Multi Merchant batch processing, extensive & comprehensive transaction & batch reporting (Generic, Profiles, Managed Billing & PINLess), Account Updater, fraud management tools (AVS, CVV2, CVC2, CID, VbV, SecureCode), commercial card processing (Level II, Level III), protected data transmission through 128-bit SSL protocol, management of split shipments and back orders, transaction history retention, self administration user management functions (security, access control), Customer Profile Management (Tokenization), data encryption, authorization recycling, soft descriptor support, Quick Credit via Transaction Reference Number, managed billing (recurring deferred, installment, email messaging, account updater), and Merchant Selectable Response (fraud mitigation tool).

THE DEFENDANTS ARE FURTHER ORDERED to (a) certify under oath that they have attempted in good faith to retrieve and return to Paymentech, or have permanently deleted, or will permanently delete under Paymentech's supervision, protocol, and verification, all tangible and intangible Paymentech property that the defendants once had in their respective possession, custody, and/or control; (b) notify Paymentech of tangible or intangible Paymentech property which the defendants may subsequently locate, and (c) either return the property to Paymentech or delete the property under Paymentech's supervision, protocol, and verification, at Paymentech's election.

The parties acknowledge this injunction is not based on any admission of willful or malicious misappropriation of intellectual property by defendants, that the defendants are committing to cooperate in protecting Paymentech's Orbital Gateway Source Code, and that this injunction is entered to protect Paymentech's Orbital Gateway Source Code.

The defendants waive the requirement that Paymentech post a bond for issuance of this Consent Permanent Injunction.

By stipulation and agreement of the parties, the Court shall retain jurisdiction over the parties and this matter for purposes of enforcing the parties' separate Settlement Agreement and the terms of this Consent Permanent Injunction, which continuing jurisdiction shall be unaffected by the final dismissal with prejudice of all claims asserted in this lawsuit.

SO ORDERED this 21st day of April, 2011.

_____
DISTRICT COURT JUDGE

AGREED AS OF APRIL 20, 2011

**COUNSEL FOR PAYMENTECH, LLC:**

Harold D. Jones, Esquire
Littler Mendelson, PC
2001 Ross Avenue, Suite 1500
Dallas, TX 75201-2931

**COUNSEL FOR DEFENDANTS:**

David C. Banker, Esquire
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913

Firmwide:101052826.4 065834.1001

Page 3